UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                    Chapter 11

1974 REALTY ASSOCIATES,                                  Case No. 10-11417 (SCC)

                        Debtor.
--------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

       1974 Realty Associates, the above-named debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, having proposed and filed both its Disclosure Statement (the "Disclosure Statement") and its Plan of Reorganization (the "Plan") on September 2, 2010; and a copy of the Disclosure Statement in connection with the Plan having been transmitted to creditors and equity security holders, and upon the hearing held before this Court on November 9, 2010 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found: (a) that sale of the building, improvements and real property commonly known as 1974 51st Street, Brooklyn, New York (the "Property") under the Plan pursuant to the contract of sale dated October 15, 2010 (the "Contract") by and between the Debtor and J1974 LLC is an arms-length transaction, non-collusive, fair and reasonable, was conducted openly and in good faith in accordance with the Sale Procedures Order approved by the Bankruptcy Court on September 15, 2010, and is in the best interests of the Debtor, its estate and Creditors, (b) that the Purchaser, as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law, (c) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code §

363(n), and (d) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (e) that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

ORDERED, that pursuant to section 1129 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

ORDERED, that the Debtor shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that in furtherance of the Plan, the Debtor is authorized to sell, transfer and convey the Property to J1974 LLC in accordance with the Contract for the sum of $3,800,000 free and clear of all liens and encumbrances, with all such liens claims and encumbrances to attach to the proceeds of sale; and it is further

ORDERED, notwithstanding anything to the contrary in the preceding paragraph or in this order, each of the Debtor's partners retains its right of first refusal for a period of thirty days from the date hereof, as set forth in the Debtor's partnership agreement, and to the extent such right of first refusal is duly exercised, the party or parties exercising such right such right shall be deemed to be the "Purchaser" and obligated under the "Contract," as those terms are defined in this Order; and it is further

ORDERED, that the Purchaser, as transferee of the Property under the Sale Contract, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provision of law; and it is further

ORDERED, that Debtor be, and it hereby is, expressly authorized and empowered to execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close on the Contract and as set forth in the Plan, as contemplated under the Contract, and to perform and do all acts that may be required in connection with the Contract; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection with, the Plan and the Contract, including, without limitation, any deeds, bills of sale or assignments executed in connection with the purchase of the Property by the Purchaser or the re-vesting, transfer or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated in the Plan and the Contract, and (d) the issuance, renewal, modification or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer shall be under,

in furtherance of, or in connection with, the Plan. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded, shall accept any instrument of transfer of the title to the Property pursuant to this Confirmation Order, the Plan and the Contract without requiring the payment of any filing fees, documentary stamp tax, deed stamps, stamp tax, transfer tax, mortgage tax, intangible tax or similar tax, including without limitation New York City Real Property Transfer Tax and New York State Documentary Tax; and it is further

ORDERED, that except as provided in the Plan and the Contract, on the Effective Date the assets of the Estate shall vest in the Debtor free and clear of all other liens, claims and encumbrances; and it is further

ORDERED, that the Debtor be, and hereby is, authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction

4

contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the effectiveness of the Plan shall be contingent upon the New York City Department of Housing Preservation and Development ("HPD") and the Community Preservation Corporation ("CPC") entering into a settlement agreement with the Debtor providing for a reduction of their collective claims to $3,705,000 (or such other terms as the parties may agree to), and Bankruptcy Court approval thereof under Bankruptcy Rule 9019; and it is further

ORDERED, that in the event that such $3,705,000 settlement is reached, as contemplated by the previous paragraph, then upon the effectiveness of the Plan, the Debtor shall distribute and/or reserve its assets, including the $3,800,000 sale proceeds and the estimated $925,000 of cash on hand under the Plan, as follows: (a) payment to CPC and HPD in the amount of $3,705,000, (b) payment of an estimated $240,000 of allowed administrative claims, including $190,000 of real estate broker commissions and an estimated $50,000 of legal fees, (c) reserve of $46,324 for filed estimated priority tax claims, (d) payment of $12,960 of allowed non-insider vendor claims, (e) estimated reserve of $372,675 for insider loan claims subject to objection by J. Poole, and (f) estimated reserve for $348,041 to be distributed to the Debtor's partners subject to resolution of pending Bankruptcy Court adversary proceeding(s).

ORDERED, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier.

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e); and it is further

Dated: New York, New York
November 16, 2010

    /s/Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE